IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  05-cv-01081-LTB-OES

ROBERT YAKLICH,

Plaintiff,

v.

GRAND COUNTY, a Political Division of the State of Colorado, by and through its BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GRAND, COLORADO,
ROBERT ANDERSON, in his official capacity,
DUANE DAILEY, in his official capacity,
JAMES NEWBERRY, in his official capacity,
TABERNASH MEADOWS WATER AND SANITATION DISTRICT,
IRENE COOK, in his official capacity as President of the Board of Directors of Tabernash Meadows Water and Sanitation District,
LAURALEE KOURSE, individually and as manager,  Tabernash Meadows Water and Sanitation District,
BETSY ELIZABETH REDFIELD, in her official capacity as Bookkeeper,  Tabernash Meadows Water and Sanitation District,
BOARD OF DIRECTORS FOR TABERNASH MEADOWS WATER AND SANITATION DISTRICT,
BOB ALEXANDER, in his official capacity,
DOUGLAS OURI, in his official capacity,
GRETCHEN BRETZ, in her official capacity,
MR. STOVALL, in his official capacity,
LURLINE UNDERBRINK, in her official capacity as County Manager, Grand County,
WILLIAM GRAY, in his official capacity as Acting Director of Planning, State of Colorado, Grand County Department of Planning and Zoning,
COLORADO BONDSHARES, a security broker,
FRED KELLY, in his capacity as President of Colorado Bond Shares,
BANK OF THE WEST, a California Corporation authorized to do business in Colorado; and
TERESA TURNER, in her capacity as President of Bank of the West,

Defendants.

___

ORDER
___

On November 15, 2005, I entered an order dismissing all of the plaintiff Robert Yaklich's eleven claims in this case. The defendants Grand County, the Board of County Commissioners, Robert Anderson, Duane Dailey, James Newberry, William Gray, and Lurline Underbrink (collectively, the "County Defendants"), who were in various combinations named in ten of the eleven claims, now move for attorney fees.

Five of the ten claims that the County Defendants defended against were for purported violations of Colorado state tort law. Colo. Rev. Stat. § 13-17-201 provides,

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

I apply this provision to dismissals pursuant to the Federal Rules of Civil Procedure. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). I dismissed the state law claims against the County Defendants pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Colorado courts are clear in their teaching that dismissal for lack of jurisdiction creates in the prevailing defendant an entitlement to fees under the statute. *Smith v. Town of Snowmass Village*, 919 P.2d 868, 872 (Colo. Ct. App. 1996). The County Defendants expended the modest sum of $9,939 defending the sundry claims, which involved a variety of factual and legal issues. The state law claims constituted half of the total number of claims and roughly half of the research and briefing can reasonably be attributed to resolving them. Thus, a reasonable fee is $4969.50.

Mr. Yaklich argues that the reasonableness of any fee award must be excessively

2

speculative because the County Defendants are not able to distinguish time spent defending against his state law claims from expenditures in response to the federal law claims.  However, any such complete division would be impossible in this case, as in most similar cases, for two reasons.  First, a common nucleus of operative facts underlay all of Mr. Yaklich's claims and several of the defenses against them; marshaling facts in defense against the state law claims necessarily involved work beneficial to the County Defendants' defense against the federal claims.  Second, the County Defendants properly briefed all of the factual and legal issues together.  Any resulting speculation concerning the division of labor was practicably unavoidable and constitutes no reason to deny the County Defendants a reasonable fee.

Accordingly, it is ORDERED that:

1) the County Defendants' motion for attorney fees is GRANTED; and

2) the County Defendants are awarded their reasonable fees in the amount of $4969.50.


Dated: February __9__, 2006, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge