IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 05-cv-01081-LTB-OES

ROBERT YAKLICH,

    Plaintiff,

v.

GRAND COUNTY, a Political Division of the State of Colorado, by and through its BOARD
OF COUNTY COMMISSIONERS OF THE COUNTY OF GRAND, COLORADO,
ROBERT ANDERSON, in his official capacity,
DUANE DAILEY, in his official capacity, and
JAMES NEWBERRY, in his official capacity; and
TABERNASH MEADOWS WATER AND SANITATION DISTRICT,
IRENE COOKE, in her official capacity as President of the Board of Directors of Tabernash
Meadows Water and Sanitation District,
LAURALEE KOURSE, individually and as Manager, Tabernash Meadows Water and Sanitation
District,
BETSY ELIZABETH REDFIELD, in her official capacity as Bookkeeper, Tabernash Meadows
Water and Sanitation District; and
BOARD OF DIRECTORS FOR TABERNASH MEADOWS WATER AND SANITATION
DISTRICT,
BOB ALEXANDER, in his official capacity,
DOUGLAS OURY, in his official capacity,
GRETCHEN BRETZ, in her official capacity, and
MR. STOVALL, in his official capacity; and
LURLINE UNDERBRINK, in her official capacity as County Manager, Grand County,
WILLIAM GRAY, in his official capacity as Acting Director of Planning, State of Colorado,
Grand County Department of Planning and Zoning,
COLORADO BOND SHARES, a security broker,
FRED KELLY, in his capacity as President of Colorado Bond Shares, and
BANK OF THE WEST, a California corporation authorized to do business in Colorado, and
TERESA TURNER, in her capacity as President of BANK OF THE WEST,

    Defendants.
_____

# ORDER
_____

    This case is before me on remand from the Tenth Circuit. *See Yaklich v. Grand County*,

No. 05-1563, 2008 WL 1986470 (10th Cir. May 7, 2008). A status conference in this matter was held on June 27, 2008. Although Plaintiff did not appear, I—as well as counsel for Defendants—find the Tenth Circuit's instructions on remand to be clear.

Accordingly, IT IS ORDERED that:

1. Plaintiff's claims six—regulatory taking—and seven—deprivation of procedural due process in violation of 42 U.S.C. § 1983—are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction;

2. Plaintiff's claims one—civil conspiracy—and eight—outrageous conduct—are DISMISSED WITHOUT PREJUDICE as to Defendants Bank of the West and Colorado Bond Shares;

3. In all other respects, Plaintiff's claims are DISMISSED as stated in my November 11, 2005, Order in this case [**Docket # 45**];

4. No additional matters remaining, this case is CLOSED.


Dated: June  27 , 2008.

                                        BY THE COURT:

                                         s/Lewis T. Babcock
                                        Lewis T. Babcock, Judge